# UNITED STATES DISTRICT COURT
for the
### Western District of Kentucky
### Paducah Division

| | |
|---|---|
| Gerard Hilliard<br>*Plaintiff*<br><br>v.<br><br>Dynamic Recovery Services, Inc.<br>*Defendant* | )<br>)<br>)<br>)  Case No. 5:12CV-74-R<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action by a consumer seeking damages and declaratory relief for Defendant's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

3. Plaintiff, Gerard Hilliard, is a natural person who resides in Christian County, Ky. Plaintiff is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant, Dynamic Recovery Services, Inc. ("DRS") is a Texas corporation, the principal purpose of whose business is the collection of debts, operating a debt collection agency with its principal place of business located at 4101 McEwan Rd., Suite 150, Farmers Branch, TX 75244.

5. DRS regularly collect or attempt to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

6. Mr. Hilliard received a voicemail on Thursday, May 3, 2012 from a woman who identified herself as April Allen, with the firm of Eltman, Eltman & Cooper.

7. Ms. Allen stated that the call was in regard to file # 7619708-68 and asked that Mr. Hilliard return her call as soon as possible at 1-800-886-8088, ext. 2213.

8. Upon information and belief, April Allen is an employee, agent, and/or representative of DRS.

9. On Friday May 4, 2012, Mr. Hilliard received another voicemail from Ms. Allen, who identified herself in the same manner, and left the same contact information and file number.

10. Mr. Hilliard returned the call later the same day.

11. The contact phone number provided by Ms. Allen actually connected Mr. Hilliard with Defendant, Dynamic Recovery Services, Inc. rather than Eltman, Eltman & Cooper, as represented by April Allen.

12. After finding Mr. Hilliard in DRS's system, Ms. Allen demanded of Mr. Hilliard "what was he going to do about it."

13. Ms. Allen revealed that she had contacted Mr. Hilliard in attempt to collect on a judgment entered against Mr. Hilliard concerning a Providian credit card debt.

14. Ms. Allen said the judgment was entered in March of 1999 and had been "renewed" in March 2012.

15. When Mr. Hilliard explained that he was unaware of any such judgment entered against him and that he would need to research this claim and search his records, Ms. Allen become belligerent and told Mr. Hilliard that he had 24 hours to make a decision, after which she was going to sign the papers sitting in front of her to levy Mr. Hilliard's wages and his property.

16. Ms. Allen called Mr. Hilliard again on Saturday May 5, 2012, and left him a message stating that Mr. Hilliard must call her back as soon as possible because she needed an answer immediately.

17 On May 5, 2012, undersigned counsel James Lawson sent DRS a debt-validation letter pursuant to 15 U.S.C. § 1692g, which informed DRS that Mr. Hilliard was represented by counsel and which instructed DRS to "cease and desist from any further contact directly with Mr. Hilliard and that any further contact [was to be] made to [counsel] directly." (A copy of the May 5, 2012 letter is attached as Exhibit "A.").

18. On May 9, 2012, April Allen called undersigned counsel James Lawson concerning the May 5, 2012 debt-validation letter.

19. Ms. Allen informed Mr. Lawson that DRS would not comply with the debt-validation letter.

20. Ms. Allen stated that the FDCPA did not apply in this situation because DRS was attempting to collect on a judgment and not collect a debt.

21. Sometime after the May 9th conversation between April Allen and undersigned counsel, April Allen phoned Mr. Hilliard directly.

22. Ms. Allen called Mr. Hilliard more than once after the phone conversation with Mr. Lawson, and she expressly referenced her conversation with Mr. Lawson.

23. The judgment in question was not entered in March of 1999 as claimed by Ms. Allen.

24. Rather, the judgment was actually a default judgment entered on March 22, 2005 in the case of *MRC Receivables Corp. v. Hilliard*, 04-CI-1706 (Christian Cir. Ct.). (A copy of the default judgment is attached as exhibit "B.").

25. The default judgment was based on a Providian credit-card debt.

26. Mr. Hilliard used the Providian credit card at issue exclusively for personal and household purposes.

27. The default judgment in favor of MRC Receivables Corp. is "debt" within the meaning of 15 U.S.C. § 1692a(5).

28. April Allen at no time stated that the default judgment had been assigned to either DRS or to Eltman, Eltman, & Cooper, P.C.

29. On or about May 22, 2012, April Allen called Mr. Hilliard's wife, Rebecca Hilliard, at her place of employment.

30. Ms. Allen left a voice mail for Ms. Hilliard that made clear that she was calling on behalf of DRS and was calling for purposes of collecting a debt from Mr. Hilliard.

**Claims for Relief: Violation of the Fair Debt Collection Practices Act**

31. The foregoing acts and omissions of DRS constitute violations of the FDCPA, including, but not limited to:

    **(a)** DRS violated 15 U.S.C. 1692d(5) by engaging in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection

with the collection of a debt" by "[c]ausing [Mr. Hilliard's] telephone to ring or engaging [Mr. Hilliard] in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass [Ms. Hilliard] at the called number"; and

**(b)** DRS violated 15 U.S.C. 1692(c)(a)(1) by repeatedly, consistently, and insistently calling Mr. Hilliard at times known to DRS to be inconvenient for Mr. Hilliard;

**(c)** DRS violated 15 U.S.C. 1692(c)(a)(2) by repeatedly contacting Mr. Hilliard in attempt to collect after it was on clear written notice that Mr. Hilliard was represented by counsel;

**(d)** DRS violation 15 U.S.C. 1692(g) by repeatedly contacting Mr. Hilliard in attempt to collect on the default judgment after receiving the May 5, 2012 debt-validation letter;

**(e)** DRS violated 15 U.S.C. § 1692f(1) by attempting to collect a debt that is not permitted by law, including but not limited to demanding payment on a non-existent agreement or account; and

**(e)** DRS violation 15 U.S.C. 1692(c) by calling Mr. Hilliard's wife in connection with an attempt to collect a debt from Mr. Hilliard;

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Gerard Hilliard, requests that the Court grant the following relief:

1. Award Plaintiff actual damages;

2. Award Plaintiff statutory damages;

3. Award Plaintiff punitive damages;

4. Award Plaintiff reasonable attorney's fees and costs; and

5. Such other relief as may be just and proper.

Respectfully Submitted,

_____
**Kenneth J. Henry**
Henry & Associates, PLLC
331 Townepark Circle, Suite 200
Louisville, KY 40243
(502) 245-9100
Email: ken@kennethhenrylaw.com

**James H. Lawson**
*Lawson at Law, PLLC*
10600 Timberwood Circle
Suite 1
Louisville, KY 40223
(502) 473-6525
Email: james@kyclc.com